UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                         :

GENCOR INDUSTRIES, INC.,      :

              Plaintiff,     :    99 Civ. 9225 (TPG)

    - against -           :    **OPINION**

INGERSOLL-RAND COMPANY,     :

             Defendant.     :
                                         :
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

       Plaintiff has moved for summary judgment on two of its three contract claims. The motion is denied.

       This case arises out of plaintiff Gencor's purchase of a unit of defendant Ingersoll-Rand ("IR")'s business, mainly consisting of certain IR subsidiaries. One portion of that business was a joint venture between IR and a company owned by the Chinese government. During the purchase negotiations, it became apparent that IR's ownership in the joint venture would not be tranferable within the same time frame as the rest of the subsidiaries, and the purchase agreement had certain provisional alternatives to resolve that issue. The purchase agreement also made certain warranties and representations with regard to the joint venture. Gencor claims that after the deal closed it became aware that the joint venture had more significant problems than originally thought,

and that IR did not disclose the problems afflicting that piece of the business and therefore violated the warranties and representations in the purchase agreement.

## Procedural History

Gencor initially brought this action by order to show cause to obtain an injunction blocking IR's sale of certain of its assets to a Chinese company, Liyang Zhengchang Grain, Oil and Feed Machinery Head Company ("ZC"), on the ground that the sale would violate a purchase agreement whereby Gencor had obtained an interest in IR's Process Equipment Division. Gencor's application for an injunction sought to prevent IR from selling to ZC its interest in a joint venture between a subsidiary of IR and ZC. The court denied that application. IR then moved to dismiss the complaint, and the court granted that motion as to four of Gencor's five claims for relief. Upon Gencor's motion for reconsideration, the court reinstated one of the claims it had dismissed, and permitted Gencor to replead one of its claims. Gencor thus has three claims remaining. Those are (1) that IR breached a non-compete provision of the purchase agreement by continuing to hold an interest in the joint venture; (2) that IR breached a provision of the purchase agreement whereby it was obligated to update its disclosures with regard to the joint venture; and (3) that IR had breached express warranties and representations made in the purchase agreement.

Gencor has now moved for summary judgment on the second and third claims only.

However, it appears that there are issues of fact that cannot properly be resolved on summary judgment. For instance, there is a claim under Section 3.6(c) of the purchase agreement. This section is essentially a guarantee that IR and the subsidiaries it was selling had been doing business "in the ordinary and usual course". There is a question of fact as to whether the joint venture had deteriorated to an extent that it was not doing its ordinary business and to an extent that was not disclosed to Gencor.

There is also a claim under Section 3.12. This section guarantees that no parties are infringing the subsidiaries' rights to technology. There is conflicting evidence as to Gencor's specific claim in this regard.

The court will discuss the range of factual issues in further pre-trial proceedings. It is possible the factual issues can be narrowed. However, Gencor's current motion for summary judgment must be denied.

Dated: New York, New York
March 31, 2008

SO ORDERED

_Thomas P. Griesa_
Thomas P. Griesa
U.S.D.J.